IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMERICAN SENTINEL INSURANCE COMPANY <br><br> *Plaintiff*, <br><br> v. <br><br> GETIT-N-GO TRANSPORTATION, LLC, AND TURKISA HARRIS-SHAW, GUARDIAN AND NEXT FRIEND OF A MINOR CHILD <br><br> *Defendants* | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT**:

NOW COMES, Plaintiff American Sentinel Insurance Company, and represents to the Court as follows:

### 1. Introduction

1.1   This is a declaratory judgment action to determine whether American Sentinel has a duty to defend and/or indemnify Defendant GetIt-N-Go Transportation, LLC, under a commercial auto policy, against claims arising from an accident involving one if its employees, who, while in the course of employment, operated a GetIt-N-Go Transportation tractor-trailer during transport and had a collision that resulted in his death.

### 2. Parties

2.1   Plaintiff American Sentinel is a Pennsylvania insurance company with its principal place of business in Harrisburg, PA.

2.2 Defendant GetIt-N-Go Transportation, LLC, is a limited liability company doing business in the State of Texas. GetIt-N-Go may be served by and through its registered agent, Curtis Malone, 832 W. Greens Rd., Apt. 632, Houston, Texas 77067, or Dian Fonseca, 2591 Dallas Parkway, Suite 300, Frisco, TX 75034 or at any other location where it may be found.

2.3 Defendant Turkisa Harris-Shaw resides in Harris County, Texas and is a citizen of Texas. Upon information and belief, she is the Guardian and Next Friend of a minor child who is the putative heir of Decedent, Justin Robertson, who was a citizen of Texas and upon information and belief resided in Fort Bend County, Texas at the time of his death. Upon information and belief, there has been no administration of the Decedent's estate; therefore, this action is brought against Turkisa Harris-Shaw, as Guardian and Next Friend of the minor child and putative heir of Decedent.

## 3.
## Jurisdiction and Venue

3.1 This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq*. Plaintiff is a citizen of the State of Pennsylvania, Defendants are citizens of the State of Texas. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. By virtue of diversity of citizenship of the parties and sufficiency of the amount in controversy, this Court has jurisdiction under 28 U.S.C. §1332 (a)(1).

3.2 American Sentinel's declaratory judgment action concerns its rights and obligations to GetIt-N-Go, a company located in Spring, Harris County, Texas, in relation to claims for damages to or on behalf of residents of Harris County, which is one of the counties within the Houston Division of the Southern District of Texas. As all or a significant part of the acts or omissions giving rise to this action occurred in this judicial district and division, venue is proper in this Court pursuant to 28 U.S.C. §124(b)(7) and 28 U.S.C. §1391(b)(2).

**4.**
**Nature of the Case**

4.1   This case arises from a fatal single-vehicle accident on October 20, 2020 involving Justin Robertson, a GetIt-N-Go driver ("Decedent"); GetIt-N-Go notified American Sentinel of the accident, to which it assigned claim number ASI-0001468.

4.2   At the time of the accident, Decedent, then age 28 and a resident of Fort Bend County, Texas, drove a 2015 Freightliner, VIN 3AKGGLD55FSGJ2168, owned by GetIt-N-Go, in the course of his employment for the purpose of transporting granite/quartz. He was the vehicle's sole occupant.

4.3   During the transport, the tractor-trailer left the road, overturned on the driver's side, and slid on its side, causing Decedent to be ejected from the from the cab of the truck. The accident occurred on I-45 in Freestone County, Texas.

4.4   GetIt-N-Go is a federally regulated interstate motor carrier.

4.5   Decedent was an employee and/or statutory employee of GetIt-N-Go at the time of the accident.

4.6   The American Sentinel policy issued to GetIt-N-Go expressly excludes coverage for "bodily injury" to the Decedent. Therefore, American Sentinel has no duty to indemnify GetIt-N-Go for any damages in connection with the claim.

**5.**
**American Sentinel Policy of Insurance**

5.1   American Sentinel issued GetIt-N-Go a commercial package policy, number FCT003349-01, effective February 22, 2020 to February 22, 2021, which includes a Motor Carrier Coverage Form.

5.2   The Policy's insuring agreement provides:

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

### A.      COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

5.3     The Policy provides liability coverage of $1 million per accident for covered autos designated by symbol 67, 68, and 71, which are "Specifically Described 'Autos,' 'Hired "Autos" Only,' and 'Non-Owned "Autos" Only," respectively.

5.4     Symbol 67 includes only those "autos" described in Item Three of the Declarations for which a premium charge is shown and for any "trailers" the insured does not own while attached to any power unit described in Item Three. In the Policy Declarations, Item Three: Schedule of Covered Autos You Own does not list the 2015 Freightliner, VIN 3AKGGLD55FSGJ2168; thus, it does not qualify as a covered "auto."

5.5     Liability coverage may be available for "autos" acquired after the Policy begins, but only if all of the insured's "autos" are covered by the Policy or the acquired "auto" replaces a previously covered "auto" and the insured adds the new "auto" to the Policy within 30 days after it is acquired. To date, GetIt-N-Go has not met this condition; thus, it does not qualify as a covered "auto."

5.6     Symbol 68 includes only those "autos" the insured leases, hires, rents or borrows. There is no indication that the 2015 Freightliner, VIN 3AKGGLD55FSGJ2168, was leased, hired, rented, or borrowed by the insured; thus, it does not qualify as a covered "auto."

5.7     Symbol 71 includes only those "autos" the insured does not own, lease, hire, rent or borrow that are used in connection with the insured's business. The 2015 Freightliner, VIN

3AKGGLD55FSGJ2168, is owned by GetIt-N-Go; thus, it does not qualify as a covered "auto" pursuant to this provision of the Policy.

5.8     By not being a covered "auto" according to the terms of the Policy, liability coverage is precluded for the 2015 Freightliner, VIN 3AKGGLD55FSGJ2168.

5.9     The Policy provides: "Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations." GetIt-N-Go Transportation LLC is the Named Insured.

5.10    The Policy defines "insured" as "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage." Section II - Covered Autos Liability Coverage further provides:

> **1.    Who Is An Insured**
>
> The following are "insureds":
>
> **a.**     You for any covered "auto".

5.11    GetIt-N-Go, the Named Insured on the Declarations, meets the Policy definitions of "you," "your," and "insured" for covered "auto" liability coverage.

5.12    Additionally, the Policy Business Description for GetIt-N-Go is: Commercial Motor Carrier. GetIt-N-Go is a federally regulated motor carrier under the Motor Carrier Safety Act. As such, the Policy contains: Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "MCS-90 Endorsement").

## 6.
## Workers' Compensation Exclusion Bars Coverage

6.1     The Policy contains the following exclusion, which provides that the insurance does not apply to:

> **3.    Workers' Compensation**

> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

6.2　　Exclusion 3 precludes coverage for any workers' compensation benefits sought in connection with the claim because Decedent was an employee of the "insured."

## 7.
## Employer's Liability Exclusion Bars Coverage

7.1　　The Policy contains the following exclusion, which provides that the insurance does not apply to:

> **4. Employee Indemnification and Employer's Liability**
>
> "Bodily injury" to:
> a. An "employee" of the "insured" arising out of and in the course of:
>    (1) Employment by the "insured"; or
>    (2) Performing the duties related to the conduct of the "insured's" business; or
> b. The spouse parent, brother or sister of that "employee" as a consequence of **a.** above.
>
> This exclusion applies:
>
> (1)　Whether the "insured" may be liable as an employer or in any other capacity; and
> (2)　To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> \* \* \*

7.2　　The policy provides the following definitions pertinent to Exclusion 4:

> **C.**　"Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.
>
> \* \* \*
>
> **F.**　"Employee" includes a "leased worker". "Employee does not include a "temporary worker."

7.3　　Exclusion 4 precludes coverage for all damages sought in connection with the claim because Decedent was an "employee" of the "insured."

# 8.
## Occupant Hazard Exclusion Bars Coverage

8.1   The Policy contains an endorsement titled Occupant Hazard Exclusion, which provides:

This endorsement modifies insurance under the following:

MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

\* \* \*

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**, is amended by adding the following exclusion:
This insurance does not apply to bodily injury to any person while "occupying" a covered "auto". Occupying means in, upon, getting in, on, out, or off.
If we are required by law to pay for such loss, you will reimburse us for any and all loss, costs, and expenses paid or incurred by us.

8.2   The Occupant Hazard Exclusion Endorsement bars coverage for all damages sought in connection with the claim because Decedent was "occupying" a covered "auto" at the time of the accident.

# 9.
## MCS-90 Endorsement Does Not Provide Coverage

9.1   The Policy's MCS-90 Endorsement provides:

[X] This insurance is primary and the company shall not be liable for amounts in excess of $750,000 for each accident.

\* \* \*
**DEFINITIONS AS USED IN THIS ENDORSEMENT**

\* \* \*
**Motor Vehicle** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.
\* \* \*
**Public Liability** means liability for bodily injury, property damage, and environmental restoration.
\* \* \*

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. ***Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment*** . . . it is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described . . .. (Emphasis added.)

\* \* \*

9.2  The MCS-90 Endorsement does not provide coverage for all damages sought in connection with the claim because, pursuant to the express terms of the MCS-90 Endorsement, coverage afforded thereunder is limited to public liability, and *not* to injury to or death of the insured's employees while engaged in the course of employment. The underlying facts related to the circumstances in which Justin Robertson died while employed by GetIt-N-Go fall directly within the employee-injury exception specified in the MCS-90 Endorsement.

**10.**
**Reservation Regarding Amendment**

10.1  American Sentinel reserves the right to amend as necessary to add to this action additional claims that may be made against GetIt-N-Go.

10.2  American Sentinel reserves the right to amend as necessary to add or change the named individual Defendant if an action for administration of the Decedent's estate is filed and names a personal representative, executrix or administrator of the estate.

**WHEREFORE, PREMISES CONSIDERED,** American Sentinel Insurance Company prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that it owes no duty to defend or indemnify GetIt-N-Go against any claims asserted by or on behalf of the Decedent and his heirs and/or beneficiaries, that it owe no judgment rendered against GetIt-N-Go in connection with the claim, and for such other and further relief, at law or in equity, to which American Sentinel may show it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*_____
Stephen A. Melendi, Attorney-In-Charge
Texas Bar No. 24041468
Southern District Bar No. 38607
StephenM@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
Southern District Bar No. 2870042
MattR@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR PLAINTIFF
AMERICAN SENTINEL INSURANCE
COMPANY**